UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES W. BOYD, Trustee,

    Plaintiff,

v.

KING PAR, LLC, et al.,

    Defendants.
_____/

File No. 1:11-CV-1106

HON. ROBERT HOLMES BELL

## OPINION

This bankruptcy adversary proceeding comes before the Court on Defendant William J. Baird's corrigendum motion to withdraw bankruptcy reference. (Dkt. No. 1-5.)

B&P Baird Holdings, Inc., (the "Debtor"), a business involved in designing, manufacturing, and selling golf equipment, filed for Chapter 7 bankruptcy. Defendant William Baird was the president, director and sole shareholder of the Debtor. Trustee James W. Boyd filed an adversary proceeding against King Par, LLC (purchaser of the Debtor's assets), Mr. Baird, and Pamela Baird asserting fraudulent transfers under 11 U.S.C. § 548 (Counts 1, 2), fraudulent transfers under the Michigan Uniform Fraudulent Transfer Act and 11 U.S.C. § 544(b) (Counts 3, 4), alter ego liability against Mr. Baird and Pamela Baird (Count 5), and breach of contract against King Par, LLC (Count 6).

Mr. Baird has moved to withdraw the bankruptcy reference because he is entitled to a jury trial before an Article III judge, and because the Bankruptcy Court does not have jurisdiction to enter a final judgment.

A district court may withdraw the bankruptcy reference "for cause shown." 28 U.S.C. § 157(d). The standards for permissive withdrawal of reference involve consideration of the following factors:

> (1) whether the claim is core or non-core; (2) what is the most efficient use of judicial resources; (3) what is the delay and what are the costs to the parties; (4) what will promote uniformity of bankruptcy administration; (5) what will prevent forum shopping; and (6) other related factors.

*Lucre, Inc. v. Verizon North, Inc.*, 2007 WL 1521204, at *5 (W.D. Mich. May 21, 2007).

The relevance of the core/non-core distinction is that the bankruptcy court may generally enter final orders and judgment in core proceedings, but must submit proposed findings of fact and conclusions of law to the district court in non-core proceedings. *See* 28 U.S.C. § 157(b)(1), (c)(1). The Bankruptcy Code provides that core proceedings include "proceedings to determine, avoid, or recover fraudulent conveyances." 11 U.S.C. § 157(b)(2)(H). Thus, whether the fraudulent transfer claims arise under federal law or state law, they are core claims. *See In re Popkin & Stern*, 223 F.3d 764 (8th Cir. 2000) (holding that a Missuouri UFTA claim was a core proceeding); *In re Mankin*, 823 F.2d 1296, 1298-1300 (9th Cir. 1987) (concluding that a fraudulent conveyance action under § 544(b), which gives the trustee the same power to avoid any conveyances which an unsecured creditor would have under state law, was a core proceeding); *In re Enron Corp.*, 317 B.R. 629, 635 (Bankr. S.D.N.Y. 2004) (holding that claim under Texas UFTA was a core proceeding); *In re Circle Y of Yoakum, Texas*, 354 B.R. 349, 355 (Bankr. D. Del. 2006) ("A section 544 claim, although ultimately based on state law (UFTA), is a core matter because it is a

proceeding 'to determine, avoid, or recover fraudulent conveyances.' 28 U.S.C. § 157(b)(2)(H)."). In sum, the majority of the claims are core proceedings.

On the issue of the bankruptcy court's ability to enter a final judgment, the Court must bear in mind the Supreme Court's recent determination in *Stern v. Marshall*, — U.S. —, 131 S. Ct. 2594, 2620 (2011), that the bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." There is considerable disagreement and uncertainty as to the extent to which *Stern* will impact the bankruptcy court's authority to enter final judgments in other core proceedings. *Compare In re Safety Harbor Resort and Spa*, 2011 WL 3849639 (Bankr. M.D. Fla. Aug. 30, 2011) (holding that bankruptcy court has jurisdiction to enter final judgments in fraudulent transfer actions), *with In re Blixseth*, 2011 WL 3274042 (Bankr. D. Mont. Aug. 1, 2011) (holding that bankruptcy court has no authority to hear a fraudulent conveyance claim).

The parties disagree as to whether Defendant Baird has a right to a jury trial on the state fraudulent conveyance claims and the alter ego claim. The Court will not make a ruling at this time as to whether these claims carry a right to a jury trial. It is sufficient, for purposes of this opinion, to note that there is no dispute that Defendant Baird does have a right to a jury trial on the two § 548 fraudulent transfer claims. *See Granfinanciera, S.A.,v. Nordberg*, 492 U.S. 33 (1989) (holding that the Seventh Amendment entitles a person who has not submitted a claim against a bankruptcy estate a right to a jury trial when sued by the trustee

in bankruptcy to recover an allegedly fraudulent monetary transfer). Accordingly, should the § 158 claims go to trial, the trial will have to be conducted in the district court.

Even though Defendant Baird has a right to a jury trial, the jury trial right does not mean the bankruptcy reference must immediately be withdrawn. "[T]he bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters." *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007). Similarly, even if there is uncertainty regarding the bankruptcy court's ability to enter a final judgment on any or all of the claims against Defendant Baird, that does not deprive the bankruptcy court of the power to entertain all pre-trial proceedings, including summary judgment motions. *See Kelly v. JP Morgan Chase & Co.*, 2011 WL 44032089 at *6 (D. Minn. Sept. 20, 2011); *In re Canopy Financial*, 2011 WL 3911082 (N.D. Ill. Sept. 1. 2011); *In re Safety Harbor Resort and Spa*, 2011 WL 3849639 (Bankr. M.D. Fla. Aug. 30, 2011).

The important considerations in this case are what is the most efficient use of judicial resources, and what will promote uniformity of bankruptcy administration. The answer is unquestionably to leave this case with the bankruptcy court for pretrial proceedings. The bankruptcy court is familiar with the debtor's estate, the bankruptcy court has already become familiar with the parties to this adversary proceeding, the issue of fraudulent conveyances is a core bankruptcy matter, and allowing the bankruptcy court to oversee discovery and other pre-trial matters will promote uniformity of bankruptcy administration. If, after discovery and the resolution of the motions, it appears that there are matters that require a jury trial,

the bankruptcy court will advise this Court that the matter is ready for a final pretrial conference.

      An order consistent with this opinion will be entered.


Dated: <u>November 10, 2011</u>                            /s/ Robert Holmes Bell
                                                              ROBERT HOLMES BELL
                                                              UNITED STATES DISTRICT JUDGE